Taliaferro, J.
The plaintiff complains that against his consent, and greatly to his annoyance and injury, the defendants have built a privy in a yard owned in common by them and plaintiff, which, from the condition it is kept in, has not only become an intolerable nuisance, but works serious damage to the property of the plaintiff. He avers that, in the structure of the privy the defendants have illegally broken into the walls of the plaintiff’s building and rested the joists necessary in the construction of the privy, which is elevated to the hight of two stories, upon the walls of the plaintiff’s building. He further sets forth *175 that the vault of the privy is constructed contrary to law, if the defendants had a right to place it where it is; that the offensive dampness and noxious effluvia necessarily arising saturate the walls of the plaintiff, injuring them seriously and causing damage to his stock Of goods kept in his building, owing to the close proximity of the nuisance complained of. He prays damages to the amount of three thousand dollars, and that an injunction issue to prevent defendants from using or permitting to be used by others the privy so unlawfully established by them to the injury and annoyance of the plaintiff.
The answer is a sweeping denial of all the allegations of the plaintiff. It avers that the vault and privies have been in the uninterrupted possession of the defendant, Davis, by himself and his lessees, for more than ten years, and the plea of prescription of ten years is interposed.
This suit was commenced in the Sixth District Court in the year 1869. A judgment was rendered in that court on the twenty-fifth of May, 1870, in favor of the defendants. An application was made for a new trial; but, pending the motion, the case was transferred to the then newly éstablished Eighth District Court. In the Eighth District Court a new trial was granted, and the case was tried upon the voluminous evidence taken on trial of the case in the Sixth Court, with some additional evidence taken on the second trial. In the inception of the suit in the Sixth Court, the judge thereof granted an injunction, which was dissolved. He gave at considerable length the reasons that determined his decree in favor of the defendants, and it is not unworthy of remark that the judge of the Eighth Court, adopting entirely, as it appears, the reasoning of the judge of the Sixth Court, arrived at a conclusion diametrically opposite from that of the latter. The judgment of the Eighth Court awarded the plaintiff the three thousand dollars damages prayed for and perpetuated the injunction.
From this judgment the defendants have appealed.
We do not concur in opinion with either of our learned brothers of the courts below. The privy being built upon the yard or space of ground belonging in common between them, the defendants had no right to place or keep a privy on it without the consent of his co-owner. We are unable to find from the large mass of evidence, conflicting as it does to no small extent, that the plaintiff has made out a case entitling him to three thousand dollars damages, or even that he is entitled to damages at all to any certain appreciable amount.
It is therefore ordered that the judgment of the lower court, so far as it awards damages in favor of the plaintiff, be annulled and avoided, and that the judgment, as thus altered, be affirmed, the defendants paying costs in the lower court; the plaintiff and appellee paying costs of this appeal.
Rehearing refused.